**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4523**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MATTHEW CHRISTOPHER ALLEN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Beaufort. Richard Mark Gergel, District Judge.  (9:17-cr-00979-RMG-1)

Submitted:  January 22, 2019                          Decided:  January 24, 2019

Before MOTZ, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Emily Evans Limehouse, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew Christopher Allen appeals his 36-month sentence for making a false statement during the attempted acquisition of a firearm, in violation of 18 U.S.C. §§ 922(a)(6), 924(a)(3) (2012). Allen's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal, but questioning whether Allen's upward variant sentence is reasonable. Allen was informed of his right to file a pro se supplemental brief but has not done so. We affirm.

"We 'review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. We consider whether the sentence imposed is substantively reasonable based on "the totality of the circumstances." *Id.* "While a district court's explanation for the sentence must support the degree of the variance, it need not find extraordinary circumstances to justify a deviation from the Guidelines." *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) (internal quotation marks omitted). "We must defer to the district court and affirm a reasonable sentence, even if we would have imposed something different." *United States v. Bolton*, 858 F.3d 905, 915 (4th Cir. 2017) (internal quotation marks omitted).

Here, the district court properly calculated the advisory Sentencing Guidelines range of 10 to 16 months' imprisonment and sufficiently explained its reasons for imposing an upward variance after considering the 18 U.S.C. § 3553(a) (2012) factors. With respect to

the nature and circumstances of the offense, the court noted that Allen had made multiple death threats to his wife and specifically found that Allen would have killed his wife had he successfully acquired a gun. With respect to the court's consideration of the history and characteristics of the defendant, the court observed that Allen and his wife had a violent relationship and that Allen had difficulty controlling his anger. The court also explained that it had considered the need to promote respect for the law, the need for deterrence, and the need to protect the public from further crimes by Allen. Although Allen argues that his sentence creates an unwarranted disparity compared to defendants with similar records, there is nothing to suggest that those cases involved facts similar to Allen's case, especially in light of the district court's finding that Allen would have killed his wife had he successfully acquired a gun. We conclude that the district court did not abuse its discretion in varying upward and that Allen's 36-month sentence is reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have identified no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Allen, in writing, of the right to petition the Supreme Court of the United States for further review. If Allen requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Allen. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3